IN THE UNITED STATES DISTRICT COURT
                         FOR THE DISTRICT OF KANSAS


**CHARLES GORDON**
**LONG,**
                    **Plaintiff,**

           **v.**                              CASE NO.  11-3051-SAC

**J. BENSON HILLSMAN,**
**et al.,**

                    **Defendants.**

                         **O R D E R**

     This civil complaint was filed pro se by an inmate of the United States Penitentiary, Leavenworth, Kansas (USPL).  The action was initially filed on January 27, 2011, in the Leavenworth County District Court, Leavenworth, Kansas.  Summons was served upon defendants who are USPL employees, and they were directed to file an Answer.  On March 1, 2011, the federal defendants filed a Notice of Removal to this court.  The defendants request that this court screen the complaint pursuant to 28 U.S.C. § 1915A(a) and "dismiss any or all of the claims it finds are legally frivolous or otherwise subject to dismissal."  They also request that trial be had in Wichita, Kansas.

     Mr. Long seeks damages as well as declaratory and injunctive relief from defendants Hillsman and Bailey.  As the factual basis for his complaint, he alleges as follows.  In May, June, and December 2010, defendants wrote and published and caused to be distributed the "defamatory statement that the plaintiff had committed a sex-related crime and was a 'Sex Offender'."  This occurred even though Hillsman had access in May 2010 to Mr. Long's "rap sheet" in his Central File showing that he has never been

convicted of a sex crime and is not a sex offender, and both defendants knew the information was not true. Plaintiff alleges that as a result of defendants' publishing this defamatory information, he has suffered and will continue to suffer injury to his reputation as well as mental distress and anguish. Plaintiff seeks damages and preliminary and permanent injunctive relief. He also seeks declaratory relief under Kansas law.

Mr. Long has filed a Motion to Remand this matter to the state district court. He alleges that defendants' Notice of Removal is deficient, and that defendants have failed to allege that they are being sued for acts or omissions carried out pursuant to their official duties or that any grounds for a federal defense exists. Plaintiff further alleges that his complaint clearly alleges the state torts of defamation and invasion of privacy.

The federal officer removal statute, 28 U.S.C. § 1442(a), provides that a civil action commenced in a State court against any officer of any agency of the United States sued in an official or individual capacity "for any act under color of such office" may be removed to the district court of the United States. 28 U.S.C. § 1442(a)(1). However, "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by defendant." See Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). In general, original jurisdiction is lacking unless there is diversity of citizenship or a federal question. Id.; Topeka Housing Authority v. Johnson, 404 F.3d 1245, 1248 (10th Cir. 2005). In Caterpillar, Inc., the United States Supreme Court stated:

The presence or absence of federal-question jurisdiction

>is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. See Gully v. First National Bank, 299 U.S. 109, 112-113 (1936). The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.

Id. When the federal court lacks subject-matter jurisdiction over a removed case, the court must remand the case to the state court. See 28 U.S.C. § 1447(c); Topeka Housing Authority, 404 F.3d at 1247.

Mr. Long brought this tort action in state court. In his complaint, he has alleged no facts suggesting that defendants were acting under color of their federal office. He has not asserted that he is suing defendants under either Bivens or the FTCA. He cites a state statute only. The court has examined the Notice of Removal filed by defendants. It does not show that this court has jurisdiction over plaintiff's claims or that this matter arises under federal law. It does not indicate that a scope-of-employment certification has issued. Instead, defendants merely argue that this court should screen the complaint and determine if there is any federal basis for these claims. Plaintiff chose the state forum and the jurisdictional basis for his claims, and correctly points out that he has not alleged that defendants' acts were taken in their official capacities. Defendant has not responded to plaintiff's Motion for Remand. The court finds that plaintiff's Motion to Remand must be granted. Because the motion to remand is granted, the court declines to consider the merits of defendant's motion for screening and finds it moot.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff's Motion to Remand (Doc. 6) is granted.

**IT IS FURTHER ORDERED** that defendant's Motion for Screening by this court under 28 U.S.C. § 1915A (Doc. 8) and plaintiff's Motion to Deem Individual Defendants Properly Before the Court for Service (Doc. 10) are moot.

The case is remanded to the District Court of Leavenworth County, Kansas. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court.

**IT IS SO ORDERED**.

Dated this 12th day of April, 2011, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge